UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARY JEANNE MCAWARD,


vs.                                    Case No.  2:04-cv-627-FtM-29DNF

SANIBEL FIRE AND RESCUE DISTRICT,
RICHARD DICKERSON, an individual,
c/o Sanibel Fire and Rescue
District, TIMOTHY HOWARD BARRETT, an
individual, c/o Sanibel Fire and
Rescue District,

                    Defendants.
_____


**OPINION AND ORDER**

_____This matter comes before the Court on defendant's Motion to
Dismiss (Doc. #10), filed on January 21, 2005.  Plaintiff filed a
Response (Doc. #12) on January 31, 2005.  The pleadings of a *pro se*
litigant are held to a less stringent standard than those drafted
by an attorney, and therefore must be liberally construed.
Trawinski v. United Techs., 313 F.3d 1295, 1297 (11th Cir. 2002).

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must
accept all factual allegations in a complaint as true and take them
in the light most favorable to plaintiff.  Christopher v. Harbury,
536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th
Cir. 2003).  A complaint should not be dismissed unless it appears
beyond doubt that plaintiff can prove no set of facts that would
entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957)

(footnote omitted); <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc).   To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002).   The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.  <u>La Grasta v. First Union Securities, Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989); <u>Brown v. Crawford County, Ga.</u>, 960 F.2d 1002, 1009-10 (11th Cir. 1992).  The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint.  <u>Marsh</u>, 268 F.3d at 1036 n. 16.

**II.**

On December 20, 2004, plaintiff filed a Complaint (Doc. #1) against her former employer, Sanibel Fire and Rescue District, and former co-workers Chief Richard Dickerson and Training Officer Timothy Howard Barrett.  Construed liberally, the Complaint alleges employment discrimination based on gender, retaliation, sexual harassment, and a hostile work environment.  Plaintiff alleges that the acts of discrimination started in 2000 when she sought redress

for a 1997 workplace injury, and that the retaliation is based on
the filing of a previous complaint of discrimination in 2001.
(Doc. #1, ¶¶ 3a, 5).   Plaintiff also references a claim of
retaliation filed with the Equal Employment Opportunity Commission
(EEOC) on October 7, 2003.  (Id. at p. 11).

The Court is able to decipher the following applicable facts.
Plaintiff alleges that a scenario during an oral credentialing test
was "deliberately humiliating and degrading" and that she was
"deeply embarrassed and unnerved" by the people conducting the test
as they held "great economic power" over her.  (Id. at pp. 3-4).
Plaintiff does not explain or describe the scenario.  Plaintiff
states that she failed the oral credentialing, did not receive a
$3,000.00 raise, and lost $500 from her annual pay.  (Id. at p. 4).
Plaintiff alleges that a "tabloid-size mockup" of a male fire
instructor kissing defendant Barrett appeared at the station and
plaintiff saw it as a "direct attack against [her] and a followup
to the inappropriate and offensive oral test."   (Id. at p. 5).
Plaintiff alleges that in late 2000 she was denied reimbursement of
10 weeks of sick and vacation time from a 1997 workplace injury and
threatened with the loss of her job if she pursued the matter.
(Id. at p. 5).  Plaintiff alleges that she was diagnosed with post-
traumatic stress disorder in early 2001 and filed her EEOC charges
in September 2001 after being subjected to "assualt, slander,
degrading language and grossly false and libelous statements" by

co-workers.  (Id. at p. 5).  In December 2001, plaintiff states that she started to file incident reports with the Sanibel police department regarding increasingly hostile conditions at work.  (Id. at p. 6).  Plaintiff suggests that there were numerous other incidents in 2001 through 2003.  (Id. at pp. 6-7).  Although initially the request was denied, plaintiff eventually received a shift change as she states that she feared for her life.  (Id. at p. 7).  Plaintiff describes a situation involving marijuana in her coffee cup, and the placement of a picture of a large, green and pink condom in her bedroom between spring 2003 and July 2003.  (Id. at pp. 7-8, 9).  Plaintiff states that she became increasingly ill with employment stress related disorders and was eventually diagnosed with cough-variant asthma.  (Id. at pp. 9-11).  Plaintiff states that her employment was terminated in early November 2003, and the Notice of Right to Sue Letter was issued on September 21, 2004.  The attached Charge of Discrimination (Doc. #1, p. 12) states a claim for retaliation based on discrimination between April 1, 2003, and August 26, 2003.

### III.

Title VII prohibits employers from discriminating against individuals with respect to compensation, terms, conditions, or privileges of employment because of the individual's race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1); Gupta v. Florida Bd. of Regents, 212 F.3d 571, 582 (11th Cir.

2000), cert. denied, 531 U.S. 1076 (2001).  Sexual harassment can constitute discrimination based on sex under Title VII,  Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 66-67 (1986); Mendoza v. Borden, Inc., 195 F.3d 1238, 1244-45 (11th Cir. 1999)(en banc), cert. denied, 529 U.S. 1068 (2000), and sexual harassment  includes both situations involving the existence of a tangible employment action and situations involving the existence of a hostile work environment without a tangible employment action. Vinson, 477 U.S. at 64; Hulsey v. Pride Rests., LLC, 367 F.3d 1238, 1244 n. 3 (11th Cir. 2004).  In either situation, to establish sexual harassment (and thus discrimination) under Title VII, a plaintiff must show: (1) that he or she belongs to a protected group; (2) that he or she has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment was based on the sex of the plaintiff; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable.  Hulsey, 367 F.3d at 1244. See also Pennsylvania State Police v. Suder, 124 S. Ct. 2342, 2347 (2004); Mendoza, 195 F.3d at 1245.  In analyzing a sexual harassment claim, the Court employs the normal principles of pleading and proof allocation, and does not follow the framework from McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 510-11 (11th Cir. 2000).

Not all conduct which may be described as "harassment" is actionable under Title VII. Vinson, 477 U.S. at 67; Walton v. Johnson & Johnson Servs., Inc., 347 F.3d 1272, 1279 (11th Cir. 2003), cert. denied, 541 U.S. 959 (2004). "A hostile work environment claim under Title VII is established upon proof that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficient severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002)(citing Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993)). See also Rojas v. Florida, 285 F.3d 1339, 1344 (11th Cir. 2002). The Supreme Court summarized this component of the sexual harassment standard:

> [S]exual harassment is actionable under Title VII only if it is so severe or pervasive as to alter the conditions of [the victim's] employment and create an abusive working environment. Workplace conduct is not measured in isolation; instead, whether an environment is sufficiently hostile or abusive must be judged by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. Hence, a recurring point in [our] opinions is that simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.

Clark County School Dist. v. Breeden, 532 U.S. 268, 270 (2001) (internal citations and quotations omitted).  See also Johnson v. Booker T. Washington Broad. Serv., 234 F.3d at 509; Gupta, 212 F.3d at 586.   The court employs a totality of the circumstances approach, and does not require proof of each factor individually. Hulsey, 367 F.3d at 1248.

To establish a prima facie case of retaliation, plaintiff must establish that: (1) he or she engaged in statutorily protected expression; (2) he or she suffered an adverse employment action; and (3) there is some casual relation between the two events. Lipphardt v. Durango Steakhouse of Brandon, 267 F.3d 1183, 1186-87 (11th Cir. 2001); Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d at 507.  If plaintiff presents only circumstantial evidence of retaliation, the claim is analyzed under the framework from McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Rojas, 285 F.3d at 1342.  Once plaintiff establishes a prima facie case, an employer has an opportunity to articulate a legitimate, non-retaliatory reason for the challenged employment action. Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001).  If this is done, plaintiff retains the ultimate burden of proving by a preponderance of the evidence that the reason provided by the employer is a pretext for prohibited, retaliatory conduct. Pennington, 261 F.3d at 1266; Johnson, 234 F.3d at 507 n. 6.

Taking all allegations in the Complaint as true, the Court finds that plaintiff has failed to state a claim for sexual

discrimination, hostile work environment, and retaliation. Plaintiff has not argued that her treatment is based on or related to her gender; and as argued by defendant, plaintiff's allegations of rudeness and degrading actions on the face of the Complaint are insufficient to support a case for a hostile environment. Plaintiff states that she was constructively discharged, however, it is unclear whether the constructive discharge is due to the salary loss alleged or the eventual termination based on the excessive sick leave.  The Court notes that the earlier incidents in 2000 appear to be related to the 2001 EEOC charge and are not properly presented in conjunction with the September 2004 charge.

As plaintiff is proceeding pro se, the Court will take this opportunity to explain some of the responsibilities and obligations that she bears as a pro se party.  The Court finds that plaintiff should be afforded an opportunity to amend the complaint to properly allege her claims and in doing so plaintiff should adhere to the following instructions.

In filing an Amended Complaint, plaintiff must conform to the pleading requirements of Fed. R. Civ. P. 8 and 10 by providing a short, plain statement regarding the relief sought and using distinct, numbered paragraphs.  The document should be entitled "Amended Complaint."  Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated.   It is improper for Plaintiff to merely list constitutional rights or federal rights and/or statutes.  Plaintiff

must provide support in the statement of facts for the claimed violations.   Further, in the body of the Amended Complaint Plaintiff should clearly describe <u>how</u> <u>each</u> <u>named</u> <u>defendant</u> is involved in the alleged claim.   Plaintiff must provide support in the statement of facts for the claimed violations.   More than conclusory and vague allegations are required to state a cause of action.   Plaintiff must also state which defendants are being sued for each particular count of the Amended Complaint.

Accordingly, it is now

**ORDERED:**

1.   Defendant's Motion to Dismiss (Doc. #10) is **GRANTED** without prejudice.

2.   Plaintiff may file an Amended Complaint within **TWENTY (20) DAYS** of the date of this Opinion and Order in compliance with the instructions in this Opinion and Order.   If no Amended Complaint is filed, the Court will close the case.

3.   The Clerk shall forward plaintiff a copy of the Step-by-Step Guide to Filing a Civil Action in the United States District Court, Fort Myers Division.

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of May, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Parties of record